18-0507 – *David L. Henzler v. Turnoutz, LLC, and Larry Markham*

**FILED**
**June 12, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Hutchison, J., concurring, in part, and dissenting, in part:

I concur with the conclusion of the majority opinion, that the circuit court erred in granting summary judgment to Turnoutz. Turnoutz had the burden of proving its affirmative defense that it was a "Company Released Party" entitled to protection under the release signed by the plaintiff, David Henzler. Turnoutz failed to prove there was no genuine issue of material fact remaining for a jury's resolution, and the majority opinion correctly remands this case back to the circuit court for additional work.

I respectfully dissent, however, because I believe the majority opinion could have gone further. The majority opinion should have pointed out that Turnoutz's affirmative defense is fundamentally and legally wrong. Turnoutz claims it is an "affiliate" or a "successor" to Mr. Henzler's former employer, Cross America Partners, LP ("CAP") and, therefore, protected by the release Mr. Henzler signed with CAP (the "CAP Release"). The problem with Turnoutz's argument is that Turnoutz does not have any evidence to meet the legal definition of either an "affiliate" or a "successor."

As to "affiliate," the CAP Release clearly defines an affiliate as an "entity that directly, or indirectly . . , controls, or is controlled by, or is under common control with, the person or entity specified." Turnoutz offered absolutely no evidence to show it is directly or indirectly controlled by, or is under common control with, CAP or any of the other companies affiliated with CAP (like M&J Operations, CST Brands, Lehigh Gas, etc).

1

It likewise offered no evidence showing it controls CAP. The circuit court should have granted summary judgment *against* Turnoutz on this legal question, and this Court should have done the same in the course of its de novo, plenary review of the record.

As to whether Turnoutz is a "successor" to CAP, we need only look as far as the dictionary definition to see Turnoutz is not a legal successor. BLACK'S LAW DICTIONARY defines a "successor" as "[a] corporation that, through *amalgamation*, *consolidation*, or *other assumption of interests*, is vested with the rights and duties of an earlier corporation." (Emphasis added.) This definition reflects the language of the CAP Release, which says a successor to CAP may come to be "by merger, acquisition, or otherwise." Let us further parse out the language used in these definitions.

When the dictionary says a merger comes about by "amalgamation," that has its own meaning: "'Amalgamation' is an English term designating what in this country is called a *consolidation* or *merger*." 15 FLETCHER CYC. CORP. § 7042 (emphasis added). So, what is a consolidation or merger? "A consolidation is the unification of two or more corporations or other organizations by dissolving the existing ones and creating a single new corporation or organization." 15 FLETCHER CYC. CORP. § 7041. "A 'merger' exists where one corporation is continued and the others are merged in it without the formation of a new company." *Id*.

Turnoutz presented no evidence to show it merged with CAP. Turnoutz also did not present evidence it consolidated with CAP. There was no evidence of an

2

amalgamation of any kind, or of Turnoutz acquiring or being acquired by CAP. Moreover, there was no evidence that CAP "otherwise" assumed any rights or liabilities or other interests of Turnoutz, or vice versa, that Turnoutz assumed any rights or liabilities or other interests of CAP. There's nothing in the record to suggest, in any way, that Turnoutz is paying any of CAP's former bills. CAP still exists and pays its own debts, and Turnoutz exists as a separate company, paying its own bills. The only evidence of "successor" status was that CAP stopped operating convenience stores in properties owned by Lehigh Gas, and Turnoutz moved in and started operating convenience stores in the same space. To me, that is a change of tenants using real estate, not a legal, corporate successorship.

Stated simply, the circuit court never should have granted summary judgment in favor of Turnoutz, but rather should have flat-out rejected Turnout's "affiliate or successor" defense. I am disappointed that the majority opinion did not discuss the legal implausibility of Turnoutz's argument and left the question for the circuit court to resolve.

As the majority opinion makes clear, the circuit court granted summary judgment to Turnoutz on slim evidence early in the proceedings, long before discovery was completed. I encourage the parties to try and develop the evidence as to whether there is any true factual merit behind Turnoutz's affirmative defense that it is protected from liability by the CAP Release. I agree with the basic sentiment of the majority opinion, that full discovery and jury trials are to be encouraged. I firmly believe that summary judgment should be used sparingly, and that parties should be permitted to place all of their evidence

3

before a jury of their peers. If there is any debate about the admissibility of evidence, then place it in front of the jury and trust them to sort it out.

There is, of course, a caveat to that sentiment, which is that if a question has no true legal basis, then the question should not be placed before a jury. That includes Turnoutz's claim that it is a "successor" to CAP, despite the fact that there is no documentary or testimonial evidence to fit the legal definition of "successor." I encourage the circuit court to revisit Turnoutz's affirmative "successor" defense on remand, and to measure that defense against the legal meaning of the word successor. As the record was presented to this Court, there was simply nothing to show a genuine issue of fact by which a jury could rule in favor of Turnoutz. Unless there is a dramatic change in the evidentiary record when it is developed on remand, I would encourage the circuit court to cull this unsupportable legal claim from the case before it proceeds to trial.